Ali Shah v. Garland

BIA
Tsankov, IJ
A029 947 474

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-two.

PRESENT:
       DEBRA ANN LIVINGSTON,
          *Chief Judge,*
       SUSAN L. CARNEY,
       RICHARD J. SULLIVAN,
          *Circuit Judges.*

---

SYED AMIR ALI SHAH, AKA GHULAM ABBAS,

       *Petitioner,*

       v.                 19-1706
                         NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

       *Respondent.*

---

FOR PETITIONER:      Naresh M. Gehi, Gehi and Associates, Forest Hills, NY.

FOR RESPONDENT:      Yanal H. Yousef, Trial Attorney, *for* Joseph H. Hunt, Assistant

Attorney General, and Anthony P. Nicastro, Assistant Director, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Syed Amir Ali Shah, a native and citizen of Pakistan, seeks review of a May 10, 2019, decision of the BIA affirming a November 28, 2018, decision of an Immigration Judge ("IJ," and collectively with the BIA, the "Agency") denying Ali Shah's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Syed Amir Ali Shah*, No. A029 947 474 (B.I.A. May 10, 2019), *aff'g* No. A029 947 474 (Immig. Ct. N.Y. City Nov. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). "We review the [A]gency's factual findings, including adverse credibility findings, under the substantial evidence standard, which

2

requires that they be supported by reasonable, substantial and probative evidence in the record when considered as a whole." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (internal quotation marks and citations omitted).

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii); *see also id.* § 1231(b)(3)(C). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Hong Fei Gao*, 891 F.3d at 76 (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1252(b)(4)(B).

The Agency's determination that Ali Shah was not credible as to his claim that Muslim extremists killed his relatives for being Shia, issued a fatwa against him, and would kill him for converting to Christianity is supported by substantial evidence in the record. The Agency reasonably

3

relied on inconsistencies between Ali Shah's application and his testimony regarding whether he had previously applied for asylum or ever been convicted of a crime in the United States. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C). The Agency also reasonably relied on Ali Shah's inability to recall the names of his friends in Canada who purportedly introduced him to Christianity and attended church with him for a year. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (deferring to the IJ's adverse credibility determination because the IJ's "inferential leap" was "tethered to the evidentiary record" when "viewed in the light of common sense and ordinary experience").

The Agency concluded that Ali Shah failed to rehabilitate his testimony with corroborating evidence because his documentary evidence was not reliable. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). First, Ali Shah failed to make the pastor who prepared his certificate of baptism

4

and church membership letter available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("[A]n applicant may be required to provide corroborating evidence to substantiate his or her claim or to explain why such documentation is unavailable, and an IJ may rely on the failure to submit such evidence in evaluating whether the applicant has met the relevant burden of proof."); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and relatives did not provide substantial support in part because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). Second, the death certificates that Ali Shah submitted to show that two of his uncles were murdered by militants were not properly authenticated and did not have properly certified translations; indeed, Ali Shah did not even know how the certificates were obtained. *See* 8 C.F.R. § 1287.6(b) (requiring authentication for certain foreign official records); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. at 214–15 & n.5 ("While asylum applicants cannot always reasonably be expected to have authenticated documents from

5

an alleged persecutor, the failure to attempt to prove the authenticity of a document through this or any other means is significant." (citation omitted)).

We identify no error in the Agency's findings that Ali Shah's testimony was inconsistent, implausible, and lacked corroboration, and therefore we conclude that the Agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir. 2008). That determination is dispositive of both Ali Shah's withholding of removal and CAT relief claims because they are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Accordingly, we do not consider the agency's alternative holdings that Ali Shah failed to establish (1) a likelihood of persecution or torture, or (2) that any such persecution would be on account of his membership in a particular social group. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make

findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court